## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 28 2016, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kevin J. Mamon
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin J. Mamon, *Appellant-Petitioner,* | December 28, 2016 |
| v. | Court of Appeals Case No. 30A05-1511-PC-1942 |
| | Appeal from the Hancock Circuit Court |
| State of Indiana, *Appellee-Respondent.* | The Honorable Richard Culver, Judge |
| | Trial Court Cause No. 30C01-1507-PC-1138 |

**Altice, Judge.**

**Case Summary**

[1] Kevin J. Mamon appeals from the summary denial of his petition for post-conviction relief (PCR Petition). Mamon, pro se, asserts that the post-conviction court erred in rejecting his claim of sentencing error.

[2] We affirm.

## Facts & Procedural History

[3] Following a jury trial, Mamon was convicted of battery by bodily waste, a Class D felony, and was subsequently sentenced to three years imprisonment to be served consecutive to the sentence imposed in a separate cause. On direct appeal to this court, Mamon challenged the exclusion of evidence, the reasonableness of the trial court's delay in sentencing, the trial court's jurisdiction in light of his request for removal of his cause to federal court, as well as the appropriateness of his sentence. With regard to his sentence, this court held that the trial court did not err in sentencing Mamon to three years and ordering the sentence to run consecutively to a previously imposed sentence. *See Mamon v. State*, No. 30A05-1309-CR-440, *slip op.* at 6 (Ind. Ct. App. Mar. 31, 2014), *trans. denied.*

[4] Mamon filed a PCR Petition on July 29, 2015. In his petition, Mamon asserted a claim that he received ineffective assistance of counsel based on counsel's failure to object or argue on appeal that his sentence violated the consecutive sentencing statute. Mamon also asserted as free-standing claims of error that the trial court failed to adequately articulate its reasons for ordering a consecutive sentence and that the trial court was without authority to impose a

consecutive sentence under the facts of this case. The State filed a response on September 21, 2015. On October 5, 2015, Mamon filed a request for summary judgment with supporting exhibits, asserting that "there are no material facts in dispute." *Appellant's Appendix* at 18. Mamon's exhibits consisted of copies of sentencing orders from the instant cause and the cause to which the current sentence was to be consecutively served. According to Mamon, his consecutive sentences for unrelated crimes amounted to fundamental error.

[5] The post-conviction court denied Mamon's request for relief, concluding that pursuant to Ind. Code § 35-50-1-2(c), the trial court had discretion to impose a consecutive sentence and that imposition of a consecutive sentence was supported by Mamon's "lengthy criminal record, failed attempts at rehabilitation and a history of confrontation including fights and arguments with cell mates and jail officers." *Appellant's Appendix* at 25. The post-conviction court also noted that Mamon had previously challenged his sentence on direct appeal and such sentence was affirmed by this court. Mamon now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[6] In a post-conviction proceeding, the petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. *Bethea v. State*, 983 N.E.2d 1134, 1138 (Ind. 2013). "When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id*. (quoting *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004)). In

order to prevail, the petitioner must demonstrate that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite the post-conviction court's conclusion. *Id.* Although we do not defer to a post-conviction court's legal conclusions, we will reverse its findings and judgment only upon a showing of clear error, i.e., "that which leaves us with a definite and firm conviction that a mistake has been made." *Id.* (quoting *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000)).

[7] Post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Conner v. State*, 711 N.E.2d 1238, 1244 (Ind. 1999); *see also* Ind. Post-Conviction Rule 1(1)(a). Such proceedings are not "super appeals" through which convicted persons can raise issues that they failed to raise at trial or on direct appeal. *McCary v. State*, 761 N.E.2d 389, 391 (Ind. 2002).

[8] Mamon first argues that the post-conviction court prematurely denied his petition for post-conviction relief and did not afford him an opportunity to present evidence in support of his claim of ineffective assistance of counsel. Mamon's argument is disingenuous given that he is the party who filed the motion for summary judgment and asserted that there were no genuine issues of material fact. *See* Post-Conviction Rule 1(4)(g) (providing that a post-conviction court "may grant a motion by either party for summary disposition of the petition when it appears . . . that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law").

[9] The balance of Mamon's appellate brief focuses on his various challenges to the trial court's exercise of discretion in imposing a consecutive sentence. Some of his arguments are presented as free-standing claims of error and others are presented under the guise of ineffective assistance.[1] We begin with the former. As a general rule, "most free-standing claims of error are not available in a postconviction proceeding because of the doctrines of waiver and *res judicata*." *Timberlake v. State*, 753 N.E.2d 591, 597-98 (Ind. 2001). If an issue was known and available, but not raised on direct appeal, it is waived. *Id*. at 597. If it was raised on appeal, but decided adversely, it is *res judicata*. *Id*.

[10] To the extent Mamon challenges the trial court's exercise of discretion in identifying and weighing aggravating and mitigating circumstances, such issue is waived. Likewise, Mamon cannot now challenge what he perceives to be an inadequate sentencing statement as this argument was known and available for direct appeal, but not presented. Mamon also argues that the trial court did not give a "fair consideration" to all of the circumstances. *Appellant's Brief* at 4. This issue was implicitly decided adversely to Mamon in this court's decision on direct appeal that Mamon's sentence (including the consecutive aspect thereof) was not inappropriate. *See Mamon,* No. 30A05-1309-CR-440, *slip op.* at 6.

---

[1] After the State filed its Appellee's Brief, Mamon filed a "Notice of Appellant's Reply Statement" with this court asserting that he "clearly raised . . . claims pertaining to the effectiveness of appellate counsel."

To the extent Mamon's arguments are framed in terms of ineffective assistance of counsel, his claims fail. A petitioner will prevail on a claim of ineffective assistance of counsel only upon a showing that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the petitioner. *Bethea*, 983 N.E.2d at 1138. Here, Mamon moved for summary judgment and included only sentencing orders in support thereof, which provide nothing from which to gauge his trial counsel's performance or any resulting prejudice to Mamon. Mamon presented no other evidence to satisfy his burden of establishing the two prongs of an ineffective assistance claim. The post-conviction court did not err in denying Mamon's requested relief.

Judgement affirmed.

Riley, J. and Crone, J., concur.